[No. 23070. Department One. July 8, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE WHITELAW *et al., Appellants.*[1]

*H. N. Martin, C. T. McDonald,* and *G. E. Lovell,* for appellants.

*Joseph H. Johnston,* for respondent.

PARKER, J.—The defendant E. H. Moody was, by information filed in the superior court for Lincoln county, charged with the crime of fraudulently obtaining payment from that county of bounties on nineteen wildcat pelts and four coyote pelts; the defendants Walter Lowe, George Whitelaw, and L. L. Nunchester being by the same information charged with aiding and abetting Moody in the commission of the crime. The charge was dismissed as to Lowe; Moody pleaded

[1]Reported in 1 P. (2d) 212.

guilty; and the cause proceeded to trial against White-law and Nunchester upon their pleas of not guilty, resulting in verdicts of the jury finding each of them guilty. Judgments were accordingly rendered against them, from which they have appealed to this court.

The prosecution proceeded upon the theory that the pelts in question were not pelts of animals killed in Lincoln county, but were pelts of animals killed in the state of Oregon; that Nunchester and Lowe brought the pelts from Oregon into Lincoln county to White-law's place in that county, and that Nunchester and Whitelaw then aided and abetted Moody in fraudulently procuring the payment of bounties thereon from Lincoln county. This theory of the prosecution seems to be well supported by the evidence, and manifestly was the basis of the jury's verdict finding Whitelaw and Nunchester guilty.

Clyde Lindbloom testified as a witness for the defense, in substance, that he and Whitelaw had been trapping wildcats and coyotes in Lincoln county as partners for a period of several months immediately prior to December 9, 1929, the date on which Moody procured payment of the bounty from the county, and that they had then so procured a large number of such pelts. Lindbloom's testimony for the defense rather plainly indicated that he thereby meant that he had such intimate knowledge of Whitelaw's acquiring pelts that he knew, when testifying, that Whitelaw had not, up to December 9, 1929, acquired pelts from any other source. Prior to the trial, Lindbloom, being suspicioned by the sheriff of Lincoln county to be connected with the commission of the charged crime, was questioned by the sheriff with reference to his possible connection with it. Lindbloom then signed a paper in typewriting, containing, among other statements therein purporting to be made by him, the following:

"Mr. Whitelaw told me that he got his furs from a man by the name of Nunchester and a man called Walter Lowe."

The jury could well believe from the testimony of attending circumstances that this quoted statement, purporting to have been made by Lindbloom in the signed paper, referred to pelts jointly furnished by Whitelaw and Nunchester to Moody for procuring the payment of bounty from the county as charged. On cross-examination by the prosecuting attorney, Lindbloom, having his attention called to the conversation with the sheriff and being shown this paper purporting to be signed by him, admitted having such a conversation, and also admitted signing the paper, but protested that he did not remember what was said in the conversation, and did not know that the paper contained the above quoted statement. The paper was thereupon offered in evidence by the prosecuting attorney and admitted in evidence over objections of counsel for Whitelaw and Nunchester. ·

The principal contention here made in behalf of Whitelaw and Nunchester is that the introduction of this paper signed by Lindbloom was error to their prejudice because of its containing the above quoted statement. The manifest purpose of the prosecuting attorney in offering the paper was to negative, by way of impeachment of Lindbloom, the testimony given by him in support of the defense, which tended to show that the pelts furnished by Whitelaw and Nunchester to Moody to procure the bounty were pelts originally procured by Whitelaw through the partnership trapping of Lindbloom and Whitelaw in Lincoln county, and not pelts brought from Oregon by Nunchester and Lowe.

We are of the opinion that this paper signed by Lindbloom was admissible in evidence by way of im-

peachment as tending to discredit his testimony, which we have briefly summarized. The argument of counsel in behalf of Whitelaw and Nunchester, as we understand their counsel, is largely that the signed statement of Lindbloom was inadmissible because it tended to show, by hearsay, the commission of the crime by Whitelaw and Nunchester, and was, in effect, hearsay evidence in that behalf introduced on the part of the prosecution. But even if it be regarded as having any such effect, it still was admissible for the purpose for which the prosecuting attorney offered it, that is, to discredit Lindbloom's testimony. It was not hearsay touching the credibility of Lindbloom's testimony given for the defense.

Some other contentions are made and very briefly presented in behalf of Whitelaw and Nunchester. These we have not overlooked, but we regard them so manifestly without merit as not to call for discussion.

The judgments are affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MAIN, JJ., concur.